**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO: 1:25-cv-20642-JB**

GREAT WEST CASUALTY COMPANY,

       Interpleader-Plaintiff,

vs.

NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, RODRICK ROLLE, as Personal representative of the Estate of Sharon Ferguson, LAWRENCIA FERGUSON, individually and as natural parent and guardian of minors S.B. and L.B., MAMO TRANSPORTATION, INC., RYDER TRUCK RETNAL, INC. and TITUS CARTER,

       Interpleader-Defendants.

_____

**DEFENDANT RYDER TRUCK RENTAL, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Ryder Truck Rental, Inc. ("Ryder"), through its undersigned attorneys, files the following answer and affirmative defenses to the Complaint for Interpleader ("Complaint") filed by Great West Casualty Company ("Great West").

**PARTIES, JURISDICTION AND VENUE**

1.     Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

2.     Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

3.     Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

51304228.v4

4.     Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

5.     Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

6.     Denied, except to admit that Ryder's principal place of business is in Florida.

7.     Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

8.     This paragraph asserts legal conclusions and other conclusions as to which no response from Ryder is required.  To the extent this paragraph could be read to assert allegations of fact against Ryder, they are denied.

9.     This paragraph asserts legal conclusions and other conclusions as to which no response from Ryder is required.  To the extent this paragraph could be read to assert allegations of fact against Ryder, they are denied.

## **INTERPLEADER**

10.    This paragraph asserts legal conclusions and other conclusions as to which no response from Ryder is required.  To the extent this paragraph could be read to assert allegations of fact against Ryder, Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations.

11.    Except to admit that Great West Casualty Company issued policy number GRT11197A to Mamo Transportation, Inc., the terms of which speak for themselves,  Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

12.    Except to admit that Great West Casualty Company issued policy number CEP01529A to Mamo Transportation, Inc., the terms of which speak for themselves,  Ryder is

without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

13. This paragraph asserts legal conclusions and other conclusions as to which no response from Ryder is required. To the extent this paragraph could be read to assert allegations of fact against Ryder, Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations.

14. Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, except to admit that Florida Traffic Crash Report No. 26331031 is in writing and speaks for itself. To the extent the allegations of this paragraph vary from the Florida Traffic Crash Report, they are denied.

15. Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, except to admit that Florida Traffic Crash Report No. 26331031 is in writing and speaks for itself. To the extent the allegations of this paragraph vary from the Florida Traffic Crash Report, they are denied.

16. Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, except to admit that Great West has agreed to pay Ryder's defense costs subject to a reservation of rights.

17. Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

18. Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

19. This paragraph contains legal argument and other conclusions, as to which no response is required. To the extent that the paragraph could be reads to assert allegations of fact

51304228.v4

3

against Ryder, Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations.

20. The allegations in this paragraph constitute legal argument and conclusions, and no response is required. To the extent a response is required, Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

21. The allegations in this paragraph constitute legal argument and conclusions, as to which no response by Ryder is required. To the extent a response is required, Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

22. The allegations in this paragraph constitute legal argument and conclusions, as to which no response by Ryder is required. To the extent a response is required, Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

23. The allegations in this paragraph constitute legal argument and conclusions, as to which no response by Ryder is required. To the extent a response is required, Ryder is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

### <u>AFFIRMATIVE DEFENSES</u>

Ryder states the following affirmative defenses without prejudice to its answers and denials to the allegations in the Complaint and without admitting that it bears the burden of proof on such defenses that would otherwise rest with Great West or any other party.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action against Rydder.

### SECOND AFFIRMATIVE DEFENSE

Great West's claim is barred by the applicable statute of limitations and/or is untimely under applicable law.

### THIRD AFFIRMATIVE DEFENSE

Great West's claim is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Great West's claim is barred by the doctrines of waiver, estoppel and ratification.

### FIFTH AFFIRMATIVE DEFENSE

Great West's claim is barred by the doctrines of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Great West's interpleader action is improper to the extent it does not request that, in exchange for the payment of the monies interpleaded by Great West, the plaintiffs dismiss and release their claims against Ryder.

### SEVENTH AFFIRMATIVE DEFENSE

Great West may not reduce or dissipate its policy proceeds without securing a release of the claims against Ryder.

### EIGHTH AFFIRMATIVE DEFENSE

Great West must continue to defend Ryder for the subject lawsuits until such time as its full policy limits are accepted in full settlement of the claims against Ryder.

### INCORPORATION OF AFFRMATIVE DEFENSES
### AND RESERVATION OF RIGHTS

Ryder hereby incorporates by reference all affirmative defenses asserted by any other defendant in this action and otherwise reserves the right to seek leave of Court to amend its Answer or add Affirmative Defenses that become known to it through discovery and the course of this litigation.

51304228.v4

5

**WHEREFORE**, Defendant, Ryder Truck Rental, Inc. respectfully requests that the Court enter judgment in its favor and enter an order directing that Ryder be released of all liability to the underlying plaintiffs as part of any determination by the Court relating to the dispersal of the Great West policy proceeds, and provide such other and relief that the Court deems just, equitable and proper.

Dated: May 16, 2025
West Palm Beach, Florida

Respectfully submitted,

*/s/ Catherine Cindric*
Catherine Cindric, Esq.
Florida Bar No. 112019
**Goldberg Segalla LLP**
500 S. Australian Ave., Suite 1000
West Palm Beach, FL 33401
Tel:     (561) 618-4461 (Office)
ccindric@goldbergsegalla.com
rjanis@goldbergsegalla.com
ngiombetti@goldbergsegalla.com
*Counsel for Interpleader-Defendant*
*Ryder Truck Rental, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 16, 2025, I electronically filed the attached with the Clerk of Court using CM/ECF which will serve a copy on all counsel or parties of record.

*/s/ Catherine Cindric*
Catherine Cindric, Esq.