UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GREAT WEST CASUALTY COMPANY,

Interpleader-Plaintiff,

Case No. 1:25-cv-20642-JB

v.

NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, RODRICK ROLLE, as Personal Representative of the Estate of Sharon Ferguson, LAWRENCIA FERGUSON, individually and as natural parent And guardian of minors S.B. and L.B., MAMO TRANSPORTATION, INC., RYDER TRUCK RENTAL, INC., and TITUS CARTER,

Interpleader-Defendants.
_______________________________________/

**INTERPLEADER-DEFENDANT TITUS CARTER'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR INTERPLEADER**

***(Amended per Doc. #34, Clerk's Notice to Filer to conform with Section 3J(1) of CM/ECF Admin Procedures and LR 5.1(b))***

Interpleader-Defendant TITUS CARTER ("Mr. Carter"), by and through his undersigned counsel, files the following Answer and Affirmative Defenses to Plaintiff Great West Casualty Company's Complaint for Interpleader, showing as follows:

**ANSWER**

For his Answer to the individually numbered paragraphs of Great West Casualty Company's Complaint for Interpleader, Mr. Carter states as follows:

1. Mr. Carter is without information or knowledge sufficient as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, this paragraph stands denied by Mr. Carter.

2. Mr. Carter is without information or knowledge sufficient as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, this paragraph stands denied by Mr. Carter.

3. Mr. Carter is without information or knowledge sufficient as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, this paragraph stands denied by Mr. Carter.

4. Mr. Carter is without information or knowledge sufficient as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, this paragraph stands denied by Mr. Carter.

5. Mr. Carter is without information or knowledge sufficient as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, this paragraph stands denied by Mr. Carter.

6. Mr. Carter is without information or knowledge sufficient as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, this paragraph stands denied by Mr. Carter.

7. Admitted on the undersigned counsel's current information and belief.

8. Mr. Carter is without information or knowledge sufficient as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, this paragraph stands denied by Mr. Carter.

9. Mr. Carter is without information or knowledge sufficient as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, this paragraph stands denied by Mr. Carter.

10. Admitted.

11. In response to paragraph 11 of Plaintiff's Complaint for Interpleader, Mr. Carter states that the insurance policy attached to Plaintiff's Complaint for Interpleader as Exhibit A speaks for itself. Otherwise, Mr. Carter is without information or knowledge sufficient as to the truth of the remaining allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, the remaining allegations of this paragraph stand denied by Mr. Carter.

12. In response to paragraph 12 of Plaintiff's Complaint for Interpleader, Mr. Carter states that the insurance policy attached to Plaintiff's Complaint for Interpleader as Exhibit B speaks for itself. Otherwise, Mr. Carter is without information or knowledge sufficient as to the truth of the remaining allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, the remaining allegations of this paragraph stand denied by Mr. Carter.

13. Admitted that a collision occurred between Ms. Ferguson and Mr. Carter. Otherwise, Mr. Carter is without information or knowledge sufficient as to the truth of the remaining allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, the remaining allegations of this paragraph stand denied by Mr. Carter.

14. In response to paragraph 14 of Plaintiff's Complaint for Interpleader, Mr. Carter states that the traffic crash report attached to Plaintiff's Complaint for Interpleader as Exhibit C speaks for itself.

15. Admitted.

16. In response to paragraph 16 of Plaintiff's Complaint for Interpleader, Mr. Carter admits that he is being provided a defense by Plaintiff Great West as to the claims asserted by Meralla, Rolle, and Ferguson, in their various individual and representative capacities. Otherwise, Mr. Carter is without information or knowledge sufficient as to the truth of the remaining allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, the remaining allegations of this paragraph stand denied by Mr. Carter.

17. Mr. Carter is without information or knowledge sufficient as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, this paragraph stands denied by Mr. Carter.

18. Mr. Carter is without information or knowledge sufficient as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, this paragraph stands denied by Mr. Carter.

19. Admitted.

20. Mr. Carter is without information or knowledge sufficient as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, this paragraph stands denied by Mr. Carter.

21. Mr. Carter is without information or knowledge sufficient as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, this paragraph stands denied by Mr. Carter.

22. Mr. Carter is without information or knowledge sufficient as to the truth of the allegations set forth in this paragraph of Plaintiff's Complaint for Interpleader. As a result, this paragraph stands denied by Mr. Carter.

23. Admitted.

*****

## AFFIRMATIVE DEFENSES

For his Affirmative Defenses to Plaintiff's Complaint for Interpleader, Mr. Carter states as follows:

### First Defense

The Complaint for Interpleader fails to state a claim upon which relief can be granted against Mr. Carter.

### Second Defense

To the extent as may be shown by the evidence through discovery, this Defendant avers the affirmative defenses of accord and satisfaction, arbitration and award, discharge and bankruptcy, duress, estoppel, ratification, failure of consideration, unclean hands, fraud, illegality, laches, license, payment, release, *res judicata,* statute of frauds, statute of limitations, and waiver.

### Third Defense

This Defendant hereby incorporates all Affirmative Defenses stated by other Defendants as if stated fully verbatim herein.

**Fourth Defense**

This Defendant reserves the right to plead and prove such other defenses as may become known during the course of investigation and discovery.

WHEREFORE, Interpleader-Defendant Titus Carter, hereby demands judgment in his favor, the entry of an Order directing that Mr. Carter be released of all liability by the other Defendants hereto in exchange for the distribution of the funds which are the subject of this Interpleader Action, and for such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 29th day of May, 2025.

**GUILDAY LAW, P.A.**
*Attorneys for Interpleader-Defendant Titus Carter*

/s/ Thomas J. Guilday
Thomas J. Guilday • FBN 0180872
tom@guildaylaw.com
Sarah Finney Kjellin • FBN 0059126
sarah@guildaylaw.com
1566 Village Square Boulevard
Tallahassee, Florida 32309
(850) 224-7091 office
(850) 222-2593 facsimile

Secondary E-Mail Addresses:
cindy@guildaylaw.com
ashlee@guildaylaw.com

## CERTIFICATE OF SERVICE

I CERTIFY that on May 29, 2025, a true and correct copy of the foregoing has been served through the Clerk of Court using the CM/ECF portal, which will serve this document upon all counsel of record:

Lorene Michelle Alfonso, Esq.
Ravika Rameshwar, Esq.
Seth Victor Alhadeff, Esq.
Dinsmore & Shohl LLP
200 S. Biscayne Blvd., Suite 2401
Miami, FL 33131
lorena.alfonso@dinsmore.com
ravika.rameshwar@dinsmore.com
seth.alhadeff@dinsmore.com
mayela.navarrete@dinsmore.com
silvia.navarrete@dinsmore.com
jessica.sanmartin@dinsmore.com
Attorney for Interpleader-Plaintiff,
Great West Casualty Company

Thomas B. Scolaro, Esq.
Maxwell Alexander Malvin, Esq.
Scolaro Law, P.A.
1728 Coral Way, Suite 702
Miami, FL 33145
tom@usinjury.law
scolaro@usinjury.law
max@usinjury.law
ana@usinjury.law
barbie@usinjury.law
Attorney for Defendant Lawrencia
Ferguson, individually, and as natural
parent and guardian of minors,
S.B. and L.B.

Catherine Higgins Cindric, Esq.
Goldberg Segalla LLP
500 S. Australian Avenue, Suite 100
West Palm Beach, FL 33401
ccindric@golbergsegalla.com
rjanis@goldbergsegalla.com
ngiombetti@golbergsegalla.com
Attorney for Ryder Truck Rental, Inc.

/s/ Thomas J. Guilday
Thomas J. Guilday, Esq.