UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GREAT WEST CASUALTY COMPANY

Interpleader-Plaintiff;

CASE NO.: 25-cv-20642-JB

v.

NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, RODRICK ROLLE, as Personal Representative of the Estate of Sharon Ferguson, LAWRENCIA FERGUSON, individually and as natural parent and guardian of minors, S.B. and L.B., MAMO TRANSPORTATION, INC., RYDER TRUCK RENTAL, INC

Interpleader-Defendants.

_________________________________________/

**DEFENDANT LAWRENCIA FERGUSON'S MOTION TO STRIKE REQUESTS FOR DISCHARGE AND INJUNCTIVE RELIEF, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT AS TO PARAGRAPH 22**

COMES NOW Defendant, LAWRENCIA FERGUSON, individually and as natural parent and guardian of minors S.B. and L.B., by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(f) and 12(e), and respectfully moves this Honorable Court to (1) strike those certain portions of Interpleader-Plaintiff GREAT WEST CASUALTY COMPANY's Complaint for Interpleader, as more fully described herein, [ECF No. 1], or (2) in the alternative, to require a more definite statement regarding GWC's assertion that it filed this interpleader action

within 90 days of receiving notice of competing claims in excess of policy limits, such that Defendant can reasonably prepare a response. In support, Defendant states as follows:

## I. INTRODUCTION

Great West Casualty Company ("GWC") brings this interpleader action pursuant to 28 U.S.C. § 1335 and Fla. Stat. § 624.155(6)(a), seeking to tender $2,000,000 in policy limits following a fatal motor vehicle collision on April 24, 2024. While Defendant does not object to the Court's jurisdiction pursuant to 28 U.S.C. § 1335 over the interpleaded funds for the limited purpose of prorating said funds among claimants, she objects to two untimely requests for relief, set forth in the Complaint's Prayer for Relief and couched under Fla. Stat. § 624.155:

1. Complete discharge from all liability, including any amount owed in excess of policy limits; and
2. An injunction barring any party from bringing claims against GWC for the policy limits or any amount in excess thereof arising from the incident.

These requests should be stricken under Rule 12(f) prayer because GWC failed to comply with the 90-day statutory deadline set forth in § 624.155(6). In the alternative, GWC should be required to plead the factual basis for its alleged compliance with filing deadline established by § 654.155.

## II. LEGAL STANDARD

### A. *Motion to Strike under Rule 12(f)*

Federal Rule of Civil Procedure 12(f) permits a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike is to clean up the pleadings, to remove irrelevant or otherwise confusing materials, and to avoid unnecessary forays into immaterial matters. *Liberty Media Holdings, LLC v. Wintice Group, Inc.*, No. 6:10-cv-44-Orl-19GJK, 2010 WL 2367227, *1 (M.D. Fla. June 14, 2010); *Hutchings v. Fed. Ins. Co.*, 2008 WL 4186994 at *2 (M.D. Fla. Sept. 8, 2008). The Court has broad discretion in

considering a motion to strike under Federal Rule of Civil Procedure 12(f). *TracFone Wireless, Inc. v. Access Telecom, Inc.,* 632 F.Supp.2d 1354, 1361 (S.D. Fla. 2009) (internal citations omitted).

A motion to strike may be used to strike any part of the prayer for relief when the recovery sought is unavailable as a matter of law. *Wiegand v. Royal Caribbean Cruises,* 473 F.Supp. 1348, 1351 (S.D. Fla. 2020) (citing *Lopez v. Wachovia Mortg.*, No. 209-CV-01510-JAM-DAD, 2009 U.S. Dist. LEXIS 108415, 2009 WL 4505919, at *5 (E.D. Cal. Nov. 20, 2009).

*B. Motion for More Definite Statement under Rule 12(e)*

Rule 12(e) permits a party to move for a more definite statement where a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U. S. 662, 679 (2009). The party seeking a motion for a more definite statement must indicate to the court the defects in the pleading and what details are sought from the nonmoving party. *See Belik v. Carlson Travel Group, Inc.*, 2011 WL 8955827, *1 (S.D. Fla. July 13, 2001).

## III. ARGUMENT

*A. GWC Is Not Entitled to Relief Under § 624.155(6)*

GWC's prayer for relief asks this Court to (1) fully discharge it from liability, including any amounts that may be owed in excess of the interplead policy limits; and (2) enjoin all parties from asserting claims related to the incident beyond the interpleaded policy limits. *See* ECF No. 1, Prayer for Relief, subsections (c) and (f). These requests are predicated on the assertion that itis entitled to immunity under Fla. Stat. § 624.155(6)(a). It is not.

Section 624.155(6) provides that an insurer is not liable for extracontractual damages arising from competing third-party claims if it "files an interpleader action within 90 days after receiving

notice of the competing claims in excess of policy limits." The statute creates a narrow, time-limited safe harbor for insurers.

The incident occurred on April 24, 2024. The Estate of Sharon Ferguson filed its wrongful death complaint on June 5, 2024 (Exhibit A), and the Estate of Tyler Ferguson followed on June 10, 2024 (Exhibit B). On September 5, 2024, GWC had formally acknowledged excess exposure in its correspondence to its insureds. [1] Exhibit C. Yet GWC did not initiate this interpleader action until February 12, 2025—a full 306 days after the collision, 247 days after the Estates of Tyler and Sharon Ferguson filed their wrongful death lawsuits, and 160 days after it formally advised its insureds of the risk of an excess judgment—placing its filing well beyond the statutory 90-day safe harbor.

Although this failure does not deprive the Court of jurisdiction to oversee distribution of the funds pursuant to 28 U.S.C. 1335, it does deprive GWC of the right to claim immunity from further liability pursuant to § 624.156(6). GWC's request for discharge and an injunction must fail as a matter of law and should be stricken.

*B. In the Alternative, GWC Should Be Required to Clarify Its Assertion of Statutory Compliance*

GWC asserts that it filed this interpleader within 90 days of receiving notice of competing claims in excess of policy limits—a factual predicate essential to its claimed entitlement to discharge and immunity under Fla. Stat. § 624.155(6)(a). This assertion appears most clearly in Paragraph 22 of the Complaint, but is also implicated by Paragraph 17, which states that GWC "first received notice that the Claimants' claims may be in excess of the total $2,000,000 limits" on or about November 14, 2024. These allegations are vague, conclusory, and devoid of supporting

[1] The dockets do not reveal any discovery completed within this time.

factual detail, such that GWC should be required to provide a more definitive statement that allows for Defendant to provide a response.

Defendant cannot reasonably respond to or assess the validity of this critical allegation without further clarification. Specifically, the Complaint fails to disclose the source, form, and content of the alleged notice—including whether it was oral or written, who transmitted it, what the notice contained, and why it constituted the first indication to GWC that the claims were both competing and exceeded policy limits.

Because GWC seeks relief that depends entirely on its compliance with a specific statutory timeline, Defendant respectfully requests that the Court require GWC to amend their Complaint to provide a more definite statement clearly identifying the factual basis supporting its assertion that their Complaint was timely pursuant to § 624.155(6), Fla. Stat.

## IV. CONCLUSION

GWC cannot rely on Fla. Stat. § 624.155(6)(a) safe harbor as a basis for discharge or immunity where it failed to comply with the statute's clear and mandatory timing requirement on which that immunity is predicated. The statute offers a narrow safe harbor, but only to those insurers who act promptly. GWC did not act promptly.

Because GWC failed to timely file its interpleader action pursuant to § 624.155(6), Fla. Stat., it is not entitled to discharge from liability or to injunctive relief barring future claims as a matter of law. Accordingly, Defendant Lawrencia Ferguson respectfully requests that the Court strike GWC's request for (1) discharge from all liability, and (2) for an injunction barring future claims, as set forth in the prayer for relief, subsections (c) and (f), and that the Court grant such further relief as the Court deems just and proper.

In the alternative, because GWC has failed to plead the factual basis for its claimed compliance with the § 624.155(6), Fla. Stat., it should, at a minimum, be required to provide a more definite statement identifying the specific facts that allegedly triggered the 90-day filing window, to allow Defendant to prepare a reasonable response.

**Local Rule 7.1 Certification**

Undersigned counsel certifies that a good faith effort to confer with counsel for Great West Casualty Company was made prior to filing this motion. As of the time of filing, the parties were unable to resolve the issues raised herein.

**Certificate of Service**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF on June 9, 2025, which will provide a copy of the foregoing document to all counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Procedure.

By: /s/ Thomas Scolaro
Thomas Scolaro
Fla. Bar No. 178276
Maxwell Malvin
Fla. Bar No. 1052013
**SCOLARO LAW, P.A.**
1728 Coral Way, Suite 702
Miami, FL 33145
Tel: 305-424-2300
Fax: 305-424-2140
tom@usinjury.law
ana@usinjury.law
barbie@usinjury.law
***Attorneys for Defendant, individually and as natural parent and guardian of minors, S.B. and L.B.***

**SERVICE LIST**

Seth V. Alhadeff
Fla. Bar No. 525235
Ravika R. Macdis
Fla. Bar No. 123659
Lorena M. Alfonso
Fla. Bar No. 1010903
**DINSMORE & SHOHL LLP**
200 S. Biscayne Boulevard
Suite 2401
Miami, FL 33131
Tel: 786-957-1136
Fax: 786-957-1158
Seth.Alhadeff@dinsrnore.com
Ravika.Rameshwar@dinsmore.com
Lorena.Alfonso@dinsmore.com
***Attorneys for Plaintiff,***
***Great West Casualty Company***

Thomas Scolaro
Fla. Bar No. 178276
Maxwell Malvin
Fla. Bar No. 1052013
**SCOLARO LAW, P.A.**
1728 Coral Way, Suite 702
Miami, FL 33145
Tel: 305-424-2300
Fax: 305-424-2140
tom@usinjury.law
ana@usinjury.law
barbie@usinjury.law
***Attorneys for Defendant,***
***individually and as natural parent and guardian of minors, S.B. and L.B.***

Catherine Higgins Cindric, Esq.
**Goldberg Segalla LLP**
500 S. Australian Avenue, Suite 100
West Palm Beach, FL 33401
ccindric@golbergsegalla.com
rjanis@goldbereseealla.com
ngiombetti@golbergsegalla.com
**Attorney for Ryder Truck Rental, Inc.**

Thomas J. Guilday
Fla. Bar No. 180872
Sarah Finney Kjellin
Fla. Bar No. 0059126
**GUILDA Y LAW, P.A.**
1566 Village Square Boulevard
Tallahassee, Florida 32309
(850) 224-7091 office
(850) 222-2593 facsimile
tom@guildaylaw.com
sarah@guildaylaw.com
Secondary E-Mail Addresses:
cindy@guildaylaw.com
ashlee@guildaylaw.com
***Attorneys for Interpleader-Defendant Titus Carter***