Filing # 200221786 E-Filed 06/10/2024 04:13:36 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, and on behalf of survivor: Juan Escudero,

Plaintiff,

vs.

TITUS DANIEL CARTER, individually; MAMO TRANSPORTATION, INC., an Indiana Corporation; RYDER TRUCK RENTAL, INC., a Florida Corporation; and CARMIE FERGUSON, as Personal Representative of the Estate of SHARON FERGUSON, deceased,

Defendants.
_______________________________________/

**COMPLAINT**

Plaintiff, NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, and on behalf of survivor: Juan Escudero ("Plaintiff"), hereby sues Defendants, TITUS DANIEL CARTER, individually, MAMO TRANSPORTATION, INC., an Indiana corporation, RYDER TRUCK RENTAL, INC., a Florida corporation, and CARMIE FERGUSON, as Personal Representative of the Estate of SHARON FERGUSON, deceased (collectively, "Defendants"), and alleges as follows:

**THE PARTIES, JURISDICTION AND VENUE**

1. This action is being brought by Plaintiff, NILDA MERALLA, pursuant to the Florida Wrongful Death Act, for the death of Tyler Brian Escudero Ferguson.

2. This is an action for damages in excess of Seven Hundred Fifty-Thousand Dollars ($750,000.00) exclusive of attorney's fees and costs and within the jurisdiction of this Court.

3. Plaintiff, NILDA MERALLA, the paternal grandmother of Tyler Brian Escudero Ferguson (the "Decedent"), has petitioned to open an estate and be appointed as personal representative of Decedent's estate in Miami Dade County, Florida. NILDA MERALLA is filing the Complaint as the prospective personal representative according to Fla. Stat. §733.601.

4. At all times material, Juan Escudero is the natural parent and surviving father of the Decedent, Tyler Brian Escudero Ferguson, and therefore, a survivor under Fla. Stat. § 768.18.

5. At all times material, Defendant, TITUS DANIEL CARTER ("CARTER"), was and is a resident of the State of Georgia.

6. At all times material, Defendant, MAMO TRANSPORTATION, INC. ("MAMO"), was and is an Indiana corporation, with its principal place of business in Osceola, Indiana. MAMO transacted and conducted substantial and not isolated business within the State of Florida by employing drivers to deliver and/or transport cargo within and throughout the State of Florida.

7. Defendant, MAMO is subject to both specific and general jurisdiction within the State of Florida pursuant to Fla. Stat. § 48.193.

8. At all times material, Defendant, RYDER TRUCK RENTAL, INC. ("RYDER"), was and is a Florida corporation, with a principal place of business in Miami-Dade County, Florida.

9. Defendant, CARMIE FERGUSON, is or will be the duly appointed Personal Representative of the Estate of Sharon Ferguson, deceased. Defendant, CARMIE FERGUSON, has petitioned the Probate Division of the Circuit Court of Miami-Dade County, Florida, for the administration of the Estate of Sharon Ferguson. At all times material, decedent, Sharon Ferguson,

was a resident of Miami-Dade County, Florida. at the time of her death. The Estate of Sharon Ferguson is subject to both specific and general jurisdiction within the State of Florida.

**GENERAL ALLEGATIONS**

10. This is a wrongful death action that arises out of a motor vehicle accident involving a passenger van and a tractor trailer.

11. On or about April 24, 2024, Sharon Ferguson was the driver of a 2020 Chrysler Pacifica (VIN #2C4RC1GG8NR162365) (the "Van"), heading southbound on I-75, in Marion County, Florida.

12. At approximately 10:15 a.m., the Van was suddenly and without warning, struck by a 2023 International LT62F truck-tractor (VIN #3HSDZAPR4PN249329) (the "Truck"), owned by MAMO (the "Incident").

13. On or about April 14, 2024, CARTER was the permissive driver/operator of the Truck.

14. Upon information and belief, RYDER contracted with MAMO to transport a vehicle and/or cargo throughout and within the State of Florida.

15. At all times material hereto, MAMO is vicariously liable for the negligence of its employees, servants, agents, and/or apparent agent, including but not limited to, CARTER.

16. At all times material hereto, RYDER is vicariously liable for the negligence of its employees, servants, agents, and/or apparent agent, including but not limited to, CARTER and/or MAMO.

17. Upon information and belief, CARTER was in the course and scope of his employment and/or agency for MAMO and/or RYDER.

18. Venue is proper, as RYDER has a principal place of business in Miami-Dade County, Florida.

**COUNT I – NEGLIGENCE AGAINST TITUS DANIEL CARTER**

Plaintiff re-alleges and incorporates the allegations as set forth in paragraphs 1 through 18 above, as though fully set forth herein.

19. CARTER had a duty to use reasonable care in the operation of the Truck, and to operate it in a non-negligent manner.

20. At all times material hereto, CARTER breached his duty of reasonable care owed to Plaintiff by negligently and recklessly operating the Truck.

21. On or about April 24, 2024, CARTER was negligent and breached his duty of care in the following ways:

a. Operating the Truck at a high rate of speed for the conditions then existing;

b. Operating the Truck at an unsafe speed pursuant to the Florida Department of Transportation or as otherwise set forth pursuant to Fla. Stat. § 316.183;

c. Failing to maintain control of the Truck;

d. Operating the Truck in a reckless, careless, negligent, inattentive, and distracted manner without consideration for the general public;

e. Attempting to pass another vehicle unsafely;

f. Failing to maintain a clear distance between vehicles in order to avoid a collision;

g. Operating the Truck in a careless manner;

h. Promulgating policies and procedures that were inadequate and unsafe;

i. Failing to reasonably utilize the Truck's equipment and technology in such a manner that would have avoided a collision;

j. Failing to appreciate the vehicles in front of him; and

k. Failing to keep a proper lookout for vehicles on the roadway.

22. As a further direct and proximate result of the above-described negligence, the Estate of Tyler Brian Escudero Ferguson suffered damages in the form of medical and funeral expenses.

23. As a further and proximate result of CARTER's acts and omissions, Tyler Brian Escudero Ferguson's Estate and survivor(s) have suffered damages in the past and will continue to suffer damages in the future, including as applicable law may provide:

a. NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased sues CARTER for medical, funeral, and burial expenses due to the death of Tyler Brian Escudero Ferguson, which have become a charge to his Estate and/or have been paid on behalf of the Decedent;

b. NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, on behalf of survivor: Juan Escudero, sues CARTER for loss of support and services, for loss of companionship and affection, and for mental pain and suffering from the loss of his son; and

c. Any and all other damages which the applicable law allows.

WHEREFORE Plaintiff, NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, and on behalf of survivor: Juan Escudero, demands judgment against Defendant, TITUS DANIEL CARTER, for compensatory damages in excess of the minimal jurisdictional limits of this Court and as required under the rules of the Complex Business Litigation division, to wit: Seven Hundred Fifty-Thousand Dollars ($750,000.00), exclusive of interest and costs and demands a trial by jury of all issues triable as of right by jury.

**COUNT II – NEGLIGENCE AGAINST MAMO TRANSPORTATION, INC.**

Plaintiff re-alleges and incorporates the allegations as set forth in paragraphs 1 through 18 above, as though fully set forth herein.

24. At all times material, MAMO negligently hired, trained, retained, and/or entrusted the Truck to CARTER as it knew or should have known that:

a. CARTER was an incompetent, unfit, and/or reckless driver/operator;

b. CARTER was subject to MAMO's non-existent and/or deficient policies and procedures applicable to the operation of the Truck;

c. CARTER was not sufficiently familiar with and/or competent to operate the Truck, including but not limited to its equipment, technology, and/or components parts;

d. CARTER had a habit of driving negligently and/or carelessly and/or recklessly; and

e. There was an appreciable risk of harm to others including the Decedent, Tyler Brian Escudero Ferguson.

25. By negligently hiring, training, retaining, and/or entrusting CARTER to operate the Truck, MAMO knowingly, recklessly, willfully, and wantonly endangered other drivers and passengers on the road, including Tyler Brian Escudero Ferguson.

26. As a direct and proximate result of MAMO's negligence as aforesaid on or about April 24, 2024, CARTER negligently and recklessly operated the Truck, proximately resulting in the death of Plaintiff/Decedent, Tyler Brian Escudero Ferguson, on April 24, 2024.

27. As a further and proximate result of MAMO's acts and omissions, Tyler Brian Escudero Ferguson's Estate and survivor(s) have suffered damages in the past and will continue to suffer damages in the future, including as applicable law may provide:

a. NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased sues MAMO for medical, funeral, and burial expenses due to the death of Tyler Brian Escudero Ferguson, which have become a charge to his Estate and/or have been paid on behalf of the Decedent;

b. NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, on behalf of survivor: Juan Escudero, sues MAMO for loss of support and services, for loss of companionship and affection, and for mental pain and suffering from the loss of his son; and

c. Any and all other damages which the applicable law allows.

WHEREFORE Plaintiff, NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, and on behalf of survivor: Juan Escudero, demands judgment against Defendant, MAMO TRANSPORTATION, INC., for compensatory damages in excess of the minimal jurisdictional limits of this Court and as required under the rules of the Complex Business Litigation division, to wit: Seven Hundred Fifty-Thousand Dollars ($750,000.00), exclusive of interest and costs and demands a trial by jury of all issues triable as of right by jury.

**COUNT III – VICARIOUS LIABILITY AGAINST MAMO TRANSPORTATION, INC.**

Plaintiff re-alleges and incorporates the allegations as set forth in paragraphs 1 through 18 above, as though fully set forth herein.

28. At all times material hereto, CARTER operated the Truck with the permission and consent of MAMO.

29. MAMO is vicariously liable for the negligent and reckless acts of its employee and/or agent, CARTER.

30. On or about April 24, 2024, CARTER negligently and/or recklessly operated the Truck at a high rate of speed before striking the Van, causing the death of Tyler Brian Escudero Ferguson.

31. As a direct and proximate result of the foregoing negligence, CARTER, as operator of the Truck, owned, maintained, transported, and/or operated by MAMO, caused the death of the Decedent, Tyler Bruan Escudero Ferguson on April 24, 2024.

32. MAMO actively and knowingly participated in the foregoing negligence by failing to put in place policies and procedures for its drivers, especially CARTER, to encourage and maintain the safe operation of the Truck while driving.

33. As a further direct and proximate result of MAMO's acts and omissions, Tyler Brian Escudero Ferguson's Estate and survivor(s) have suffered damages in the past and will continue to suffer damages into the future, including as applicable law may provide:

a. NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased sues MAMO for medical, funeral, and burial expenses due to the death of Tyler Brian Escudero Ferguson, which have become a charge to his Estate and/or have been paid on behalf of the Decedent;

b. NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, on behalf of survivor: Juan Escudero, sues MAMO for loss of support and services, for loss of companionship and affection, and for mental pain and suffering from the loss of his son; and

c. Any and all other damages which the applicable law allows.

WHEREFORE Plaintiff, NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, and on behalf of survivor: Juan Escudero, demands judgment against Defendant, MAMO TRANSPORTATION, INC., for compensatory damages in excess of the minimal jurisdictional limits of this Court and as required under the rules of the Complex Business Litigation division, to wit: Seven Hundred Fifty-Thousand Dollars ($750,000.00), exclusive of interest and costs and demands a trial by jury of all issues triable as of right by jury.

**COUNT IV – STRICT LIABILITY AGAINST MAMO TRANSPORTATION, INC.**

Plaintiff re-alleges and incorporates the allegations as set forth in paragraphs 1 through 18 above, as though fully set forth herein.

34. MAMO is engaged in the transportation business and specializes in driveaway-towaway operations.

35. RYDER retained the services of MAMO to deliver and/or transport cargo within and throughout the State of Florida. Through their retention, MAMO enjoyed the benefits of the equipment utilized by RYDER to track its vehicles, including the Truck.

36. RYDER researched, designed, tested, developed, manufactured, marketed, sold, inspected, handled, distributed, and promoted the Ryder ELD (electronic logging device) platform as a smart device component and placed it into the stream of commerce in a defective and unreasonably dangerous condition.

37. MAMO had a duty to ensure the Ryder ELD (electronic logging device) platform was free from defective conditions that were unreasonably dangerous to users, such as CARTER.

38. MAMO employed the Ryder ELD (electronic logging device) platform in a manner so as to render the Truck defective and unsafe for its intended use, including but not limited to:

a. Said Ryder ELD (electronic logging device) platform was not reasonably fit for the uses intended or reasonably foreseeable by RYDER;

b. Said Ryder ELD (electronic logging device) platform was in a condition unreasonably dangerous to the Decedent, Tyler Brian Escudero Ferguson;

c. Said Ryder ELD (electronic logging device) platform failed to ensure CARTER complied with applicable regulations, including but not limited to, 49 CFR § 392.6, 49 CFR § 392.2, and 49 CFR § 392.3;

d. Said Ryder ELD (electronic logging device) platform failed to ensure the Truck was not traveling at speed in excess of the posted speed limit;

e. Said Ryder ELD (electronic logging device) platform failed to warn drivers of the proximity of vehicles traveling near or around CARTER on April 24, 2024;

f. Said Ryder ELD (electronic logging device) platform failed to detect the proximity of the Van on April 24, 2024;

g. Said Ryder ELD (electronic logging device) platform failed to activate and/or trigger any anti-lock braking (ABS) sensors to avoid the collision with the Van on April 24, 2024;

h. Said Ryder ELD (electronic logging device) platform failed to warn, alert, or otherwise notify the driver, such as CARTER, of any existing mechanical failures of the Truck that might affect a driver's ability to accelerate, decelerate, stop, and/or avoid a collision; and

i. Said Ryder ELD (electronic logging device) platform failed to reduce the Truck's speed through a speed governor or otherwise to reduce the potential amount of distance required in an emergency braking situation as well as the potential force in the event of a collision.

39. At all relevant times, the Ryder ELD platform failed to perform as safely as an ordinary driver would expect when used as intended or when used in a manner reasonably foreseeable by MAMO.

40. MAMO could have avoided, reduced, or prevented the risk of vehicular accidents and serious bodily injury to other drivers and passengers on the road (such as Tyler Brian Escudero Ferguson) with alternative designs and/or functions.

41. The Decedent could not have anticipated or contemplated the Ryder ELD platform's defective condition.

42. As a further and proximate result of MAMO's acts and omissions for which it is strictly liable, Tyler Brian Escudero Ferguson's Estate and survivor(s) have suffered damages in the past and will continue to suffer damages in the future, including as applicable law may provide:

a. NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased sues MAMO for medical, funeral, and burial expenses due to the death of Tyler Brian Escudero Ferguson, which have become a charge to his Estate and/or have been paid on behalf of the Decedent;

b. NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, on behalf of survivor: Juan Escudero, sues MAMO for loss of support and services, for loss of companionship and affection, and for mental pain and suffering from the loss of his son; and

c. Any and all other damages which the applicable law allows.

WHEREFORE Plaintiff, NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, and on behalf of survivor: Juan Escudero, demands judgment against Defendant, MAMO TRANSPORTATION, INC., for compensatory damages in excess of the minimal jurisdictional limits of this Court and as required under the rules of the Complex Business Litigation division, to wit: Seven Hundred Fifty-Thousand Dollars ($750,000.00), exclusive of interest and costs and demands a trial by jury of all issues triable as of right by jury.

**COUNT V – NEGLIGENCE AGAINST RYDER TRUCK RENTAL, INC.**

Plaintiff re-alleges and incorporates the allegations as set forth in paragraphs 1 through 18 above, as though fully set forth herein.

43. At all times material, RYDER, by and/or through MAMO, hired, trained, retained, and/or entrusted the Truck to CARTER, as it should have known that:

a. CARTER was an incompetent, unfit, and/or reckless driver/operator;

b. CARTER was subject to MAMO's and/or RYDER's non-existent and/or deficient policies and procedures applicable to the operation of the Truck;

c. CARTER was not sufficiently familiar with and/or competent to operate the Truck, including but not limited to its equipment, technology, and/or components parts;

d. CARTER had a habit of driving negligently and/or carelessly and/or recklessly; and

e. There was an appreciable risk of harm to others including the Decedent, Tyler Brian Escudero Ferguson.

44. By negligently hiring, training, retaining, and/or entrusting CARTER to operate the Truck, RYDER knowingly, recklessly, willfully, and wantonly endangered other drivers and passengers on the road, including Tyler Brian Escudero Ferguson.

45. As a direct and proximate result of RYDER's negligent entrustment of the Truck to CARTER on or about April 24, 2024, CARTER negligently and recklessly operated the Truck proximately resulting in the death of Plaintiff/decedent, Tyler Brian Escudero Ferguson, on April 24, 2024.

46. As a further and proximate result of RYDER's acts and omissions, Tyler Brian Escudero Ferguson's Estate and survivor(s) have suffered damages in the past and will continue to suffer damages in the future, including as applicable law may provide:

a. NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased sues RYDER for medical, funeral, and burial expenses due to the death of Tyler Brian Escudero Ferguson, which have become a charge to his Estate and/or have been paid on behalf of the Decedent;

b. NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, on behalf of survivor: Juan Escudero, sues RYDER for loss of support and services, for loss of companionship and affection, and for mental pain and suffering from the loss of his son; and

c. Any and all other damages which the applicable law allows.

WHEREFORE Plaintiff, NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, and on behalf of survivor: Juan Escudero, demands judgment against Defendant, RYDER TRUCK RENTAL, INC., for compensatory damages in excess of the minimal jurisdictional limits of this Court and as required under the rules of the Complex Business Litigation division, to wit: Seven Hundred Fifty-Thousand Dollars ($750,000.00), exclusive of interest and costs and demands a trial by jury of all issues triable as of right by jury.

**COUNT VI – VICARIOUS LIABILITY AGAINST RYDER TRUCK RENTAL, INC.**

Plaintiff re-alleges and incorporates the allegations as set forth in paragraphs 1 through 18 above, as though fully set forth herein.

47. At all times material hereto, CARTER operated the Truck with the permission and consent of RYDER.

48. RYDER is vicariously liable for the negligent and reckless acts of its employee, agent, and/or permissive operator of its Truck, CARTER.

49. On or about April 24, 2024, CARTER negligently and/or recklessly operated the Truck at a high rate of speed before striking the Van, causing the death of Tyler Brian Escudero Ferguson.

50. As a direct and proximate result of the foregoing negligence, CARTER, as operator of the Truck, owned, maintained, transported, and/or operated by RYDER, caused the death of the Decedent, Tyler Bruan Escudero Ferguson on April 24, 2024.

51. RYDER actively and knowingly participated in the foregoing negligence by failing to put in place policies and procedures for its drivers, especially CARTER, to encourage and maintain the safe operation of the Truck while driving.

52. As a further direct and proximate result of RYDER's acts and omissions, Tyler Brian Escudero Ferguson's Estate and survivor(s) have suffered damages in the past and will continue to suffer damages into the future, including as applicable law may provide:

a. NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased sues RYDER for medical, funeral, and burial expenses due to the death of Tyler Brian Escudero Ferguson, which have become a charge to his Estate and/or have been paid on behalf of the Decedent;

b. NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, on behalf of survivor: Juan Escudero, sues RYDER for loss of support and services, for loss of companionship and affection, and for mental pain and suffering from the loss of his son; and

c. Any and all other damages which the applicable law allows.

WHEREFORE Plaintiff, NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, and on behalf of survivor: Juan Escudero, demands judgment against Defendant, RYDER TRUCK RENTAL, INC., for compensatory damages in excess of the minimal jurisdictional limits of this Court and as required under the rules of the Complex Business Litigation division, to wit: Seven Hundred Fifty-Thousand Dollars ($750,000.00), exclusive of interest and costs and demands a trial by jury of all issues triable as of right by jury.

**COUNT VII – STRICT LIABILITY AGAINST RYDER TRUCK RENTAL, INC.**

Plaintiff re-alleges and incorporates the allegations as set forth in paragraphs 1 through 18 above, as though fully set forth herein.

53. RYDER is engaged in the transportation business and specializes in fleet management, supply chain management, and transportation management.

54. RYDER researched, designed, tested, developed, manufactured, marketed, sold, inspected, handled, distributed, and promoted the Ryder ELD (electronic logging device) platform as a smart device component and placed it into the stream of commerce in a defective and unreasonably dangerous condition.

55. RYDER has a duty to sell and deliver the Ryder ELD (electronic logging device) platform free from defective conditions that were unreasonably dangerous to users, such as CARTER.

56. RYDER sold and delivered the Ryder ELD (electronic logging device) platform in a manner as to render the Truck defective and unsafe for its intended use, including but not limited to:

a. Said Ryder ELD (electronic logging device) platform was not reasonably fit for the uses intended or reasonably foreseeable by RYDER;

b. Said Ryder ELD (electronic logging device) platform was in a condition unreasonably dangerous to the Decedent, Tyler Brian Escudero Ferguson;

c. Said Ryder ELD (electronic logging device) platform failed to ensure CARTER complied with applicable regulations, including but not limited to, 49 CFR § 392.6, 49 CFR § 392.2 and 49 CFR § 392.3;

d. Said Ryder ELD (electronic logging device) platform failed to ensure the Truck was not travelling at speed in excess of the posted speed limit;

e. Said Ryder ELD (electronic logging device) platform failed to warn drivers of the proximity of vehicles travelling near or around CARTER on April 24, 2024;

f. Said Ryder ELD (electronic logging device) platform failed to detect the proximity of the Van on April 24, 2024;

g. Said Ryder ELD (electronic logging device) platform failed to activate and/or trigger any anti-lock braking (ABS) sensors to avoid the collision with the Van on April 24, 2024;

h. Said Ryder ELD (electronic logging device) platform failed to warn, alter or otherwise notify the driver, such as CARTER, of any existing mechanical failures of the Truck that might affect a driver's ability to accelerate, decelerate, stop, and/or avoid a collision; and

i. Said Ryder ELD (electronic logging device) platform failed to reduce the Truck’s speed through a speed governor or otherwise to reduce the potential amount of distance required in an emergency braking situation as well as the potential force in the event of a collision.

57. At all relevant times, the Ryder ELD platform failed to perform as safely as an ordinary driver would expect when used as intended or when used in a manner reasonably foreseeable by RYDER.

58. RYDER could have avoided, reduced, or prevented the risk of vehicular accidents and serious bodily injury to other drivers and passengers on the road (such as Tyler Brian Escudero Ferguson) with alternative designs and/or functions.

59. The Decedent could not have anticipated or contemplated the Ryder ELD platform's defective condition.

60. As a further and proximate result of RYDER's acts and omissions, for which it is strictly liable, Tyler Brian Escudero Ferguson's Estate and survivor(s) have suffered damages in the past and will continue to suffer damages in the future, including as applicable law may provide:

a. NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased sues RYDER for medical, funeral, and burial expenses due to the death of Tyler Brian Escudero Ferguson, which have become a charge to his Estate and/or have been paid on behalf of the Decedent;

b. NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, on behalf of survivor: Juan Escudero, sues RYDER for loss of support and services, for loss of companionship and affection, and for mental pain and suffering from the loss of his son; and

c. Any and all other damages which the applicable law allows.

WHEREFORE Plaintiff, NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, and on behalf of survivor: Juan Escudero, demands judgment against Defendant, RYDER TRUCK RENTAL, INC., for compensatory damages in excess of the minimal jurisdictional limits of this Court and as required under the rules of the Complex Business Litigation division, to wit: Seven Hundred Fifty-Thousand Dollars ($750,000.00), exclusive of interest and costs and demands a trial by jury of all issues triable as of right by jury.

**COUNT IX - NEGLIGENCE CLAIM AGAINST CARMIE FERGUSON, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SHARON FERGUSON, DECEASED**

Plaintiff re-alleges and incorporates the allegations as set forth in paragraphs 1 through 18 above, as though fully set forth herein.

61. At all times material, Sharon Ferguson, deceased, as a driver on Florida's roadways, owed a duty of care to the public in general, and to the decedent, Tyler Brian Escudero Ferguson, in particular, to operate, and control the Van in a safe and reasonably prudent manner so as not to cause harm to any member of the public, or to the decedent, Tyler Brian Escudero Ferguson.

62. At all times material, Sharon Ferguson, deceased, breached this duty when she negligently operated the Van in a dangerous and unreasonable manner, so as to lose control of the Van, causing the Van to collide with the Truck, leave the roadway, and strike trees in an embankment, resulting in injuries to Tyler Brian Escudero Ferguson that led to his death.

63. As a direct and proximate result of the negligence of Sharon Ferguson, deceased, the Incident occurred and Tyler Brian Escudero Ferguson died.

64. Sharon Ferguson died as a result of the Incident and Defendant, CARMIE FERGUSON has been appointed or has petitioned to be appointed, the Personal Representative of the Estate of Sharon Ferguson, deceased. Defendant, CARMIE FERGUSON, as Personal Representative of the Estate of Sharon Ferguson, deceased, is the appropriate defendant under Fla. Stat. § 768.20.

65. As a direct and proximate result of the negligence of Sharon Ferguson, deceased, and the wrongful death of Tyler Brian Escudero Ferguson, his Estate has incurred damages pursuant to the Florida Wrongful Death Act, including, but not limited to, medical expenses and/or funeral expenses that have become a charge against his Estate or that were paid by or on behalf of Tyler Brian Escudero Ferguson, as well as other damages.

66. As a further direct and proximate result of the negligence of Sharon Ferguson, deceased, and the wrongful death of Tyler Brian Escudero Ferguson, the decedent's father, Juan Escudero, has suffered and will continue to suffer damages pursuant to the Florida Wrongful Death

Act, including but not limited to, loss of support and services, and future loss of support and services, mental pain and suffering, and medical and funeral expenses.

WHEREFORE Plaintiff, NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased, and on behalf of survivor: Juan Escudero, demands judgment against Defendant, CARMIE FERGUSON, as Personal Representative of the Estate of Sharon Ferguson, deceased, for compensatory damages in excess of the minimal jurisdictional limits of this Court and as required under the rules of the Complex Business Litigation division, to wit: Seven Hundred Fifty-Thousand Dollars ($750,000.00), exclusive of interest and costs and demands a trial by jury of all issues triable as of right by jury.

**DEMAND FOR JURY TRIAL**

Plaintiff, NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, deceased and on behalf of survivor: Juan Escudero, further demands a trial by jury of all issues triable as a right by jury.

Dated this 10th day of June, 2024.

Respectfully submitted,

**DAVIS GOLDMAN, PLLC**
*Counsel for Plaintiff*
1221 Brickell Avenue, Suite 1860
Miami, FL 33131
Telephone: (305) 800-6673
Facsimile: (305) 675-7880
Emails: adavis@davisgoldman.com;
larango@davisgoldman.com
Secondary Email: eservice@davisgoldman.com

By: */s/ Aaron Davis*
AARON DAVIS
Fla. Bar No.: 58463
LAURA ARANGO
Fla. Bar No.: 1044022