UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GREAT WEST CASUALTY COMPANY

Interpleader-Plaintiff,

v.

CASE NO.: 25-cv-20642-JB

NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, RODRICK ROLLE, as Personal Representative of the Estate of Sharon Ferguson, LAWRENCIA FERGUSON, individually and as natural parent and guardian of minors, S.B. and L.B., MAMO TRANSPORTATION, INC., RYDER TRUCK RENTAL, INC

Interpleader-Defendants.
_______________________________________/

**INTERPLEADER-DEFENDANT RODRICK ROLLE'S MOTION TO DISMISS ALL CLAIMS FOR RELIEF PURSUANT TO SECTION 624.155(6)(a), FLORIDA STATUTES**

COMES NOW Interpleader Defendant, RODRICK ROLLE, as Personal Representative of the Estate of Sharon Ferguson by and through undersigned counsel, respectfully moves this Court to dismiss all claims for relief asserted by Interpleader-Plaintiff GREAT WEST CASUALTY COMPANY based on the purported applicability of Section 624.155(6)(a), Florida Statutes, and in support thereof states:

## I. INTRODUCTION

This interpleader action arises from a tragic multi-fatality collision that occurred on May 1, 2024, on Interstate 75 near Ocala, Florida, involving a semi-truck operated by Titus Danel Carter, owned by Ryder Truck Rental, Inc., and operated under the authority of Mamo

Transportation, Inc. The passenger minivan, in which the Ferguson family rode, sustained catastrophic damage, resulting in multiple severe injuries and the wrongful deaths of SHARON FERGUSON and TYLER BRIAN ESCUDERO FERGUSON.

GREAT WEST CASUALTY COMPANY ("Great West") issued liability insurance policies to Mamo and Carter and has assumed the defense of all insured defendants, including Ryder. On February 12, 2025, Great West filed this interpleader action pursuant to 28 U.S.C. § 1335. However, in its Complaint, Great West seeks protection under Section 624.155(6)(a), Florida Statutes, a recently enacted statutory "safe harbor" provision shielding insurers from extra-contractual liability or "bad faith" if and only if strict statutory deadlines are met.

This Motion does not challenge Plaintiff's right to bring this action under 28 U.S.C § 1335 and Rolle is prepared to file an answer. It does challenge Plaintiff's entitlement to any relief under Section 624.155(6)(a) on the grounds that Great West failed to comply with the statutory deadline and is time barred. Paragraph seventeen (17) of the Complaint falsely asserts that Great West first received notice of competing excess claims on November 14, 2024. Documentary evidence shows that Great West formally acknowledged such exposure no later than September 5, 2024, and thus its February 12, 2025, filing is over 60 days beyond the 90-day statutory deadline.

## II. FACTUAL BACKGROUND

On September 5, 2024, Great West's Assistant Vice President of Claims, Thomas Buckley, issued certified mail, written correspondence to its insureds Mamo, and Carter

acknowledging the insurer's investigation revealed the claims presented by the Ferguson family exceeded the $2,000,000 policy limits. In that letter, Great West expressly advised:

- "[T]he potential for an **excess exposure** does exist in this matter and the **coverage provided by Great West Casualty Company may be insufficient**…"
- "The damages resulting from this loss may have a **value in excess of the policy limits**…"
- "[T]his shall serve as notice to you of an **excess exposure**."
- "You may want to seek your own legal counsel regarding the potential **excess exposure**…"

A true and correct copy of the letter is attached hereto as ***Exhibit A.***

Despite having admitted its awareness that competing claims presented exposure to the insureds exceeding policy limits on September 5, 2024, Great West did not file its interpleader action until February 12, 2025—a full 160 days later. In attempt to circumvent this fatal delay, Great West alleges in Paragraph 17 of its Complaint that it "first received notice that the Claimants' claims may be in excess" on November 14, 2024—an allegation directly contradicted by its own correspondence.

## III. LEGAL ARGUMENT

### A. Section 624.155(6)(a), Florida Statutes, Requires Timely Filing Within 90 Days

Section 624.155(6)(a), Florida Statutes (2023), states in relevant part:

> "If two or more third-party claimants have competing claims… which in total may exceed the available policy limits… an insurer is not liable beyond the available policy limits… if, within 90 days after receiving notice of the

> competing claims in excess of the available policy limits, the insurer… files an interpleader action under the Florida Rules of Civil Procedure…"

This statutory safe harbor is strictly time-bound. The plain language requires that the insurer act within 90 days of receiving notice of potential excess claims—not within 90 days of any arbitrary internal determination or preferred narrative.

Here, Great West communicated its own acknowledgment of excess exposure on September 5, 2024. Its interpleader action filed on February 12, 2025, is therefore approximately 160 days later, rendering the safe harbor provisions contained in Fl. Stat. 624.155 time barred.

**B. The Complaint's Allegation Regarding Date of Notice Is Refuted by Documentary Evidence**

The assertion in Paragraph seventeen (17) of the Complaint that notice of excess exposure was first received on November 14, 2024, is plainly refuted by Exhibit A. This constitutes a material misrepresentation of fact—whether deliberate or not—and disqualifies Plaintiff from invoking the statutory "safe harbor" protections afforded by Section 624.155(6)(a).

When resolving a motion to dismiss or a motion for judgment on the pleadings, a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged. Johnson v. City of Atlanta, 107 F.4th 1292, 1300 (11th Cir. 2024); see also Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Bunyan v. United States, 501 F. Supp. 3d 1264, 1281 (M.D. Fla. 2020). "A document is central to a complaint when it is a 'necessary part of [the plaintiff's effort] to make out a claim." Bunyan, 501 F. Supp. 3d at 1281 (quoting Madura v. Bank of Am., N.A., 767 F. App'x 868, 870

(11th Cir. 2019) (alteration in original) (quoting Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005)).

Great West cannot contest the authenticity of Mr. Buckley's letter. It is on letterhead, signed by the assistant vice president of claims, sent certified mail and received by the insureds and counsel. The letter is certainly central to the Plaintiff's claims for relief pursuant to Fl. Stat. 624.155 as it acknowledges Great West's notice that competing claims existed that may exceed the available coverage. Having met both requirements, the court should consider Exhibit A when deciding this motion.

**IV. RELIEF REQUESTED**

For the foregoing reasons, Interpleader-Defendant RODRICK ROLLE respectfully requests that this Court:

1. Dismiss with prejudice all claims or requests for relief by Plaintiff GREAT WEST CASUALTY COMPANY based on Section 624.155(6)(a), Florida Statutes, as legally unsupported and time-barred;
2. Award Defendant his reasonable attorneys' fees and costs for having to incur time seeking dismissal of the prayed for relief;
3. Grant such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF on June 18, 2025, which will provide a copy of the foregoing document to all counsel of record by CM/ECF and/or another means in accordance with the Federal Rules of Procedure.



Clell C. Warriner
Florida Bar No.: 1025779
Attorney E-Mail: cwarriner@searcylaw.com
Primary E-Mail: warrinerteam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, PA
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL 33409
Phone: (561) 686-6300
Fax: (561) 710- 2364
***Counsel for RODRICK ROLLE as Personal Representative of the Estate of SHARON FERGUSON***

**COUNSEL LIST**

| | |
|---|---|
| Seth V. Alhadeff, Esquire<br>Ravika R. Macdis, Esquire<br>Lorena M. Alfonso, Esquire<br>DINSMORE & SHOHL LLP<br>200 S. Biscayne Boulevard, Suite 2401<br>Miami, FL 33131<br>Tel: 786-957-1136/ Fax: 786-957-1158<br>Seth.Alhadeff@dinsrnore.com<br>Ravika.Rameshwar@dinsmore.com<br>Lorena.Alfonso@dinsmore.com<br>***Attorneys for Plaintiff, Great West Casualty Company*** | Thomas Scolaro, Esquire<br>Maxwell Malvin, Esquire<br>SCOLARO LAW, P.A.<br>1728 Coral Way, Suite 702<br>Miami, FL 33145<br>Tel: 305-424-2300/ Fax: 305-424-2140<br>tom@usinjury.law<br>ana@usinjury.law<br>barbie@usinjury.law<br>***Attorneys for Defendant, Lawrencia Ferguson individually and as natural parent and guardian of minors, S.B. and L.B.*** |
| Catherine Higgins Cindric, Esquire<br>Goldberg Segalla LLP<br>500 S. Australian Avenue, Suite 100<br>West Palm Beach, FL 33401<br>ccindric@golbergsegalla.com<br>rjanis@goldbereseealla.com<br>ngiombetti@golbergsegalla.com<br>***Attorney for Ryder Truck Rental, Inc.*** | Thomas J. Guilday, Esquire<br>Sarah Finney Kjellin, Esquire<br>GUILDA Y LAW, P.A.<br>1566 Village Square Boulevard<br>Tallahassee, Florida 32309<br>(850) 224-7091 office<br>(850) 222-2593 facsimile<br>tom@guildaylaw.com<br>sarah@guildaylaw.com<br>Secondary E-Mail Addresses:<br>cindy@guildaylaw.com<br>ashlee@guildaylaw.com<br>***Attorneys for Interpleader-Defendant Titus Carter*** |
| Clell C. Warriner, Esquire<br>Searcy Denney Scarola Barnhart & Shipley, PA<br>2139 Palm Beach Lakes Boulevard<br>West Palm Beach, FL 33409<br>Phone: (561) 686-6300/ Fax: (561) 710- 2364<br>Attorney E-Mail: cwarriner@searcylaw.com<br>Primary E-Mail: warrinerteam@searcylaw.com<br>***Counsel for RODRICK ROLLE as Personal Representative of the Estate of SHARON FERGUSON*** | |

SEARCY DENNEY SCAROLA BARNHART & SHIPLEY P.A.
Attorneys at Law

WEST PALM BEACH OFFICE:
2139 PALM BEACH LAKES BLVD.
WEST PALM BEACH, FLORIDA 33409

P.O. BOX 3626
WEST PALM BEACH, FLORIDA 33402

(561) 686-6300
1-800-780-8607
1-800-220-7006 Spanish

TALLAHASSEE OFFICE:
THE TOWLE HOUSE
517 NORTH CALHOUN STREET
TALLAHASSEE, FL 32301-1231

(850) 224-7600
1-888-549-7011

ATTORNEYS AT LAW:
*THEODORE "TED" BABBITT
*ROSALYN SIA BAKER-BARNES
*F. GREGORY BARNHART
F. STEPHANIE BARNHART [9]
*T. HARDEE BASS, III
LAURIE J. BRIGGS
*BRIAN R. DENNEY
JUAN C. DIAZ AVILA
JORDAN A. DULCIE
BRENDA S. FULMER
*MARIANO GARCIA
*JAMES W. GUSTAFSON, JR.
MARA R. P. HATFIELD
ADAM S. HECHT
*JACK P. HILL
*JOSEPH R. JOHNSON
CAMERON M. KENNEDY
KATHERINE A. KIZIAH
ANDREA A. LEWIS
YASMEEN A. LEWIS
VICTORIA MESA-ESTRADA
GAETANO V. MURPHY
LINDSAY M. REINHART
*EDWARD V. RICCI
*˃JOHN SCAROLA
*MATTHEW K. SCHWENCKE
CARTER W. SCOTT [1]
*CHRISTIAN D. SEARCY
CHRISTOPHER K. SPEED [4,5]
BRIAN P. SULLIVAN [6,7,8]
*+KAREN E. TERRY
DAVID P. VITALE, JR.
*DONALD J. WARD III [4,5]
*C. CALVIN WARRINER III
CLELL C. WARRINER IV
BORIS L. ZHADANOVSKIY

OF COUNSEL:
*EARL L. DENNEY, JR. [2] (1943-2022)
*JOHN A. SHIPLEY III (retired)
WILLIAM B. KING [3]

RESEARCH ASSOCIATES:
SHANNON M. BAER
SOPHIA K. LETTS
MARY ALICE TUCKER

SHAREHOLDERS
*BOARD CERTIFIED IN CIVIL TRIAL
+BOARD CERTIFIED IN HEALTHCARE
˃BOARD CERTIFIED IN COMMERCIAL & BUSINESS LITIGATION

ALSO ADMITTED
[1] GEORGIA
[2] MISSISSIPPI
[3] NEW JERSEY
[4] VIRGINIA
[5] WASHINGTON DC
[6] MASSACHUSETTS
[7] NEW HAMPSHIRE
[8] MAINE
[9] NEW YORK

PARALEGALS:
KIMBERLEY AGUILERA
LAZARO BECERRA
KIKKA CLAUDIO
NICHOLAS F. DeBELLIS
HELEM DIAZ
MICHAEL GAUGER
JOHN C. HOPKINS
VINCENT L. LEONARD, JR.
TAMMY MANNING
LESLIE A. McCOWN
ROBERT W. PITCHER
CHRIS R. RODGERS
NYDIA SERRANO
BONNIE S. STARK

**May 8, 2025**

**Via Email and U.S. Mail:**
seth.alhadeff@dinsmore.com
ravika.rameshwar@dinsmore.com
lorena.alfonso@dinsmore.com

Seth B. Alhadeff, Esq.
Ravika Marcadis, Esq.
Lorena Alfonso, Esq.
Dinsmore
200 South Biscayne Blvd.
Suite 2401
Miami, FL 33131.

**Re: Great West Casualty Company v. Roderick Rolle, Case No. 1:25-cv-20642-XXXX (S.D. Fla.)**

Dear Counsel:

I represent Mr. Roderick Rolle, as Personal Representative of the Estate of Sharon Ferguson, in the above-captioned matter. Your client, Great West Casualty Company, initiated this action, and each of you are signatories on the complaint.

Mr. Rolle has been served and is prepared to respond. However, before we incur the cost of formal pleadings and motion practice, I must address a glaring and material misrepresentation in the complaint—specifically, paragraph 17.

Enclosed is a letter dated September 5, 2024, from Michael Buckley, Assistant Vice President of Claims for Great West, addressed to Great West's insureds (also defendants in this case) and copied to their counsel. In it, Mr. Buckley unequivocally acknowledges the existence of competing claims and *potential for excess exposure* above both the underlying and excess policies. He further warns that Great West's coverage *may be insufficient* to satisfy the anticipated damages and states plainly:

"Based upon the potential damages and exposure presented by this loss, this shall serve as notice to you of an excess exposure."

This admission directly contradicts paragraph 17 of the complaint, which claims that Great West first received notice of potential excess exposure on November 14, 2024—more than a month after Mr. Buckley's letter. This is not a mere inconsistency; it is a false statement of material fact.

As you know, Florida Statute § 624.155(6)(a) requires an insurer to file an interpleader within 90 days of receiving notice of competing claims that may exceed policy limits. Mr. Buckley's September 5, 2024 letter reflects the company was clearly on notice on or before that date. Great West did not file the complaint until February 12, 2025—well outside the statutory period. The complaint, therefore, is fatally flawed and subject to challenge.

To potentially avoid wasteful pleading and motion practice, Mr. Rolle formally demands a 30-day extension of time to respond to the complaint. Mr. Rolle hopes Great West uses this period to correct the false factual assertion in paragraph 17 and to reconsider whether statutory relief under § 624.155 can be pursued in good faith.

If your client refuses to correct the record and continues to rely on Great West's false allegations, please be advised that Mr. Rolle will pursue all available remedies, including sanctions under Rule 11 and other applicable authority.

Please confirm by return correspondence whether you consent to the requested extension and intend to amend or dismiss portions of the complaint accordingly.

Sincerely,

Clell C. Warriner
Attorney
Searcy Denney Scarola Barnhart & Shipley, P.A.

GREAT WEST CASUALTY COMPANY
All Claims Correspondence | P.O. Box 94, South Sioux City, NE 68776 | T: 800.228.8602 | F: 800.833.1851

*The Difference is Service®*

September 5, 2024

***VIA US MAIL AND CERTIFIED MAIL - RETURN RECEIPT REQUESTED***

MAMO TRANSPORTATION INC.
ATTN MICHELLE SLISZ
1247 3RD ST
OSCEOLA IN 46561-2053

TITUS CARTER
6751 OAKLAND DRP
DOUGLASVILLE GEORGIA 30135-3549

| | |
|---|---|
| O/Primary File: | 000-00-T23887 |
| O/Primary Policy # | GRT11197A |
| O/Umbrella File: | 024-08-001975 |
| O/Umbrella Policy #: | CEP01529A |
| O/Insured: | Mamo Transportation Inc. |
| Claimant(s): | Legacy A. Ballista-Ferguson, Tyler B. Ferguson, Lawrencia Suekeena Ferguson, Santana A. Ballista, and Sharon Hortence Ferguson |
| | O/Primary Policy: $1,000,000 USD |
| O/Umbrella Policy: | $1,000,000 USD |
| Policy Periods: | 11/1/23 to 11/1/24 |
| D/Loss: | 4/24/24 |

Dear Ms. Slisz and Mr. Carter:

As you are aware, a commercial auto being operated under the authority of Mamo Transportation Inc. was involved in an accident that occurred on April 24, 2024, on Interstate 75 southbound in Marion County, Florida. The accident caused the deaths of two individuals, Sharon Ferguson, age 49, and her fifteen (15) year old son, Tyler Ferguson. Three other occupants of the claimant vehicle were also injured. The purpose of this letter is to advise you that based on our investigation to date, it has become evident that the potential for an excess exposure does exist in this matter and the coverage provided by Great West Casualty Company ("Great West") may be insufficient for the claims that are being pursued in this matter. The damages resulting from this loss may have a value in excess of the policy limits of insurance provided to you by Great West. Based upon the potential damages and exposure presented by this loss, this shall serve as notice to you of an excess exposure. As your insurer, we have a duty to advise you of settlement opportunities, to advise you as to the probable outcome of the matter and/or litigation, and to warn you of the possibility of an excess judgment and any steps you might take to avoid the same.

As you know, Great West provides coverage to Mamo Transportation Inc. under Policy Numbers GRT11197A (Primary) and CEP01529A (Excess) with effective dates of November 1, 2023 to November 1, 2024. The Great West limits of liability insurance is $2,000,000 US ($1,000,000 primary and $1,000,000 excess) combined single limit. If you carry any other umbrella or excess insurance with any other carriers, please notify them of this loss and give them my contact information. I would also appreciate your providing me with the names of those carriers and the amount of coverage they provide. My understanding is there is no other excess or umbrella coverage at the time of the incident. If this is incorrect, please let me know.

In addition to the available insurance coverage provided by Great West, you may also volunteer to contribute funds toward settlement if the matter reaches the point where additional funds from you may assist in getting the matter settled. While you are not obligated to contribute anything toward a settlement, I am informing you that you have the right to do so, if you so desire. I will keep you apprised of any settlement negotiations so that you are fully aware of all aspects of the claim.

Additionally, I want to remind you that you may, at your own expense, engage legal counsel of your choice to participate in the investigation, evaluation, potential settlement and/or potential defense of this matter. The notice of your right to retain your own separate counsel is not a request on the part of Great West. I am only informing you of your right to seek out your own legal counsel for the potential excess exposure in this matter and for you to also discuss if it may (or may not) be in your best interest to consider a voluntary contribution toward any settlement. Moreover, you may wish to engage legal counsel of your choice to further discuss with the attorney the potential for excess exposure over and above the limits of available insurance and what steps you might take to protect your assets. If you decide to retain personal counsel our defense counsel will assist your personal counsel in any questions or concerns regarding the case.

As you know, Attorneys Ben Esco and Stephen Rosansky of the law firm of Cole, Scott, & Kissane, P.A. is defending Mamo Transportation Inc. and Titus Carter in this matter and will try to facilitate a settlement of the case. They will attempt to work in harmony with you to resolve the claims consistent with the pertinent Florida statutes and Florida case law, which may be applicable to this claim.

If you have any questions or concerns about this claim or this letter, please feel free to contact me at 812-337-4265 or via email at m.buckley@gwccnet.com.

When corresponding with Great West Casualty Company, please refer to our claim number 000-00-T23887. The primary policy number is GRT11197A. Great West Casualty Company's mailing address is P.O. Box 94, South Sioux City, Nebraska 68776.

Sincerely,

GREAT WEST CASUALTY COMPANY

Michael E. Buckley

Michael E. Buckley
Assistant Vice President, Claims
812-337-4265
m.buckley@gwccnet.com

EMBsp5mti/nr

CC: BENJAMIN ESCO
STEPHEN ROSANSKY
COLE SCOTT & KISSANE
9150 SOUTH DADELAND BLVD STE 1400
MIAMI FL 33256

HNI RISK SERVICES - 0820
1821 WALDEN OFFICE SQ STE 350
SCHAUMBURG IL 4285

COPY