**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 25-cv-20642-JB

GREAT WEST CASUALTY COMPANY,

Interpleader-Plaintiff,

v.

NILDA MERALLA, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson, RODRICK ROLLE, as Personal Representative of the Estate of Sharon Ferguson, LAWRENCIA FERGUSON, individually and as natural parent and guardian of minors, S.B. and L.B., MAMO TRANSPORTATION, INC., RYDER TRUCK RENTAL, INC., and TITUS CARTER,

Interpleader-Defendants.

_______________________________________/

**INTERPLEADER-DEFENDANT T.F. ESTATE'S REPLY BRIEF**
**<u>IN SUPPORT OF ITS MOTION TO DISMISS</u>**

Interpleader-Defendant, Nilda Meralla, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson ("T.F. Estate"), hereby submits this Reply Brief in Support of her Motion to Dismiss (the "Motion") [DE 58], and states the following in further support of her Motion:

## MEMORANDUM OF LAW

### A. THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE MINIMAL DIVERSITY UNDER § 1335 IS ABSENT

There is no dispute that this interpleader action was brought pursuant to 28 U.S.C. § 1335.[1] [DE 1] at ¶10. Nor is there any dispute that § 1335 requires "[t]wo or more adverse claimants, of diverse citizenship." 28 U.S.C. § 1335(a)(1); [DE 66] at pp. 5-6 (emphasis added). Thus, the relevant inquiry is whether the claimants to the interpleaded funds—not other parties to the case—are minimally diverse. *Dean Witter Reynolds Inc. v. Fernandez*, 489 F. Supp. 434, 438 (S.D. Fla. 1979) (explaining the difference between statutory interpleader "requiring 'minimal diversity' as between any two claimants to the fund" in contrast to Rule 22 interpleader "requiring 'complete diversity' between the interpleader-plaintiff on one side and on the other, all of the defendants brought in by interpleader.").

In its Complaint, Great West defined the "claimants" as (1) Nilda Meralla, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson; (2) Rodrick Rolle, as Personal Representative of the Estate of Sharon Ferguson; and (3) Lawrencia Ferguson, individually and as natural parent and guardian of minors S.B. and L.B." [DE 1] at ¶16. Great West also requested that these claimants alone be required to litigate their respective rights to the funds. [DE 1] at p. 5. Despite this, in attempting to establish minimal diversity, Great West improperly relies on the citizenship of Mamo Transportation, Inc., Ryder Truck Rental, Inc. and Titus Carter—parties it never identified as claimants in its own Complaint and who have no claim to the interpleaded funds.

[1] Great West also contends that Rule 22 interpleader provides an independent basis for jurisdiction. But Great West did not file this action under Rule 22—and its distinct diversity requirement—has no application here.

When the analysis is confined, as it must be, to the actual claimants, Great West concedes that all claimants are citizens of Florida.[2] [DE 66] at p. 6. Because § 1335 requires at least one claimant of diverse citizenship from another claimant, and none exists here, this Court lacks subject matter jurisdiction and must dismiss this action. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**B. THE SEPTEMBER 5, 2024 LETTER SATISFIES THE INCORPORATION-BY-REFERENCE DOCTRINE AND SHOULD BE CONSIDERED AT THE MOTION TO DISMISS STAGE**

In addition to lacking subject matter jurisdiction, dismissal is also warranted because Great West failed to comply with the 90-day deadline set forth in Florida Statute § 624.155(6)(a). Great West argues that the September 5, 2024 letter cannot be considered at the motion to dismiss stage because it purportedly fails to satisfy the incorporation-by-reference doctrine. In doing so, Great West mischaracterizes the doctrine's actual requirements.

"[A] court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Venisee v. Miami-Dade County*, No. 25-cv-20024, 2025 WL 1529683, at *2 (S.D. Fla. May 29, 2025) (quoting *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024)). Both elements are satisfied here.

[2] Great West improperly relies on the citizenship of the personal representatives, Nilda Meralla and Rodrick Rolle, rather than the citizenship of the decedents. *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1327 n.2 (11th Cir. 2010) ("Where an estate is a party….the citizenship that counts for diversity purposes is that of the decedent."). In its Complaint, Great West fails to allege the decedent's citizenship. As the party invoking federal jurisdiction, Great West bears the burden of establishing minimal diversity. *See Simon v. Pierre*, 24-cv-24469, 2025 WL 916822, at *4 (S.D. Fla. Feb. 26, 2025). Its failure to plead minimal diversity of citizenship requires dismissal of the lawsuit. *See id.*

**1. The Letter's Authenticity is Not Challenged**

The September 5, 2024 letter was authored by Great West's own Assistant Vice President of Claims and transmitted on Great West's letterhead. [DE 39] at pp . 10-11. Great West does not—and cannot—dispute its authenticity. Instead, Great West only contends that the "meaning, purpose, and effect" of the letter are disputed, which is not an authenticity challenge. [DE 66] at p. 9. Federal courts have made clear that authenticity—not interpretation—is the relevant inquiry under the incorporation-by-reference doctrine. *See Robinson v. City of Huntsville*, No. 21-13979, 2022 WL 3867584, at *3 (11th Cir. Aug. 30, 2022) (considering bodycam footage at motion to dismiss stage, explaining that "undisputed" means the document is what it purports to be, "not that the evidence is free from any dispute over its content."); *Garrison v. Nuzum*, No. 2:23-cv-916, 2024 WL 5273269, at *5 (M.D. Fla. Oct. 15, 2024) (same, noting that "the authenticity of the footage that was provided is not in dispute—only its interpretation"). Here, Great West does not deny that the letter is genuine, that its contents are accurate, or that it was issued by its own employee. Accordingly, the letter is "undisputed" within the meaning of the incorporation-by-reference doctrine and properly before this Court at the motion to dismiss stage.

**2. The Letter is Central to Great West's Claim**

The letter is also central to Great West's claim. The Complaint alleges that Great West first received notice of competing claims on or about November 14, 2024, and that this action was timely filed within ninety days of that date. [DE 1] at ¶¶ 17, 22. These allegations are critical to Great West's statutory interpleader theory, as Florida Statute § 624.155 requires that an interpleader action be filed "within 90 days after receiving notice of the competing claims" that may exceed the available policy limits. § 624.155(6)(a), Fla. Stat. The question of when notice was first

received is not a collateral issue—it is the dispositive fact on which Great West's statutory entitlement rests.

The September 5, 2024 letter goes directly to this dispositive issue. In the letter, Great West expressly identified multiple claimants and the likelihood that damages would exceed the available policy limits. By doing so, Great West recognized the very "competing claims" that trigger the statutory 90–day period. The timeliness of this interpleader therefore cannot be evaluated without reference to the letter.

A document addressing the core factual allegation of a complaint—here, the date of notice—is "central" under the incorporation-by-reference doctrine. In *Price v. Wright Nat'l Flood Ins. Co.*, No. 2:24-cv-914, 2025 WL 487627 (M.D. Fla. Feb. 13, 2025), the court considered a claim denial letter attached to the insurer's motion to dismiss under the incorporation-by-reference doctrine, even though it was not attached to the complaint. 2025 WL 487627, at *1. There, the defendant relied on the letter to argue the claim was time-barred, while the plaintiffs argued that the letter was insufficient to trigger the statute of limitations period. *Id.* The court held that the letter was both central to the plaintiffs' claim and undisputed in authenticity, and therefore could be considered at the pleading stage. *Id.* The situation here is no different. T.F. Estate relies on Great West's September 5, 2024 letter to show that Great West had notice of competing claims more than ninety days before filing suit, while Great West insists the letter does not start the statutory clock. As in *Price*, the dispute concerns the legal effect of the letter—not its authenticity—making the letter properly considered at the motion to dismiss stage. *See also 4922 Management LLC v. Selective Ins. Co.*, No. 2:24-cv-894, 2025 WL 417701, at *1 (M.D. Fla. Feb. 6, 2025) (considering insurer's denial letter under the incorporation-by-reference doctrine at motion to dismiss stage in ruling on statute of limitations).

Great West's attempt to exclude its letter is precisely the type of pleading tactic the incorporation-by-reference doctrine exists to prevent. If a "document contradicts the general and conclusory allegations of the pleading, then the document governs." *Santiago v. University of Miami*, 1:22-CV-23384, 2023 WL 3045417, at *7 (S.D. Fla. Apr. 6, 2023). By ignoring its own letter and alleging a later notice date, Great West seeks to plead around the statutory 90–day requirement. That effort cannot succeed.

### C. GREAT WEST FILED THIS INTERPLEADER ACTION BEYOND THE 90-DAY STATUTORY DEADLINE IN § 624.155(6)(A)

Section 624.155(6)(a) requires an insurer to file an interpleader action "within 90 days after receiving notice of the competing claims" which in total may exceed the available policy limits. Great West argues that the 90-day statutory deadline is triggered only upon receipt of "demands" from claimants. But Section 624.155(6)(a) contains no such requirement. The statute expressly provides that the ninety-day period begins when the insurer receives "notice of the competing claims." Nothing in the text limits that notice to demands, and the Court should not read into the statute a restriction the Legislature did not impose.

Great West's own correspondence demonstrates that it had the requisite notice more than 90 days prior to filing this action. In its September 5, 2024 letter, Great West acknowledged that a vehicle operated under the authority of its insured was involved in an accident resulting in the deaths of two individuals (ages 15 and 49) and injuries to three other occupants. [DE 39] at p. 10. Great West further admitted that its investigation made it "evident" that the value of the "claims that are being pursued in this matter" may exceed the available policy limits. *Id.*

Having explicitly recognized both (1) competing claimants and (2) the likelihood that their claims would exceed policy limits, Great West cannot now deny that it had "notice of competing claims" under § 624.155(6)(a) as of September 5, 2024. That acknowledgment triggered the

statutory 90-day filing deadline. Because Great West filed this interpleader action outside that period, the action is untimely, and the safe harbor protection is unavailable.

## CONCLUSION

T.F. Estate respectfully requests that this Court grant its Motion to Dismiss [DE 58] and dismiss Great West's Complaint with prejudice for lack of subject matter jurisdiction and/or failure to comply with Florida Statute § 624.155(6)(a).

Respectfully submitted,

**DAVIS GOLDMAN, PLLC**
*Attorneys for Interpleader-Defendant Nilda Meralla, as Personal Representative of the Estate of Tyler Brian Escudero Ferguson*
1221 Brickell Avenue, Suite 1860
Miami, FL 33131
Telephone: (305) 800-6673
Facsimile: (305) 675-7880
Emails: adavis@davisgoldman.com;
mbild@davisgoldman.com;
larango@davisgoldman.com
Secondary Email: eservice@davisgoldman.com

By: */s/ Aaron P. Davis*
AARON P. DAVIS
Fla. Bar No.: 0058463
MICHAEL BILD
Fla. Bar No.: 1003841
LAURA ARANGO
Fla. Bar No.: 1044022

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 11, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: *[/s/ Aaron P. Davis]*
AARON P. DAVIS

**SERVICE LIST**

Seth V. Alhadeff, Esquire
Ravika R. Marcadis, Esquire
Lorena M. Alfonso, Esquire
DINSMORE & SHOHL LLP
200 S. Biscayne Boulevard, Suite 2401
Miami, FL 33131
Tel: 786-957-1136/ Fax: 786-957-1158
Seth.Alhadeff@dinsmore.com
Ravika.Rameshwar@dinsmore.com
Lorena.Alfonso@dinsmore.com
*Attorneys for Interpleader-Plaintiff, Great West Casualty Company*

Thomas Scolaro, Esquire
Maxwell Malvin, Esquire
SCOLARO LAW, P.A.
1728 Coral Way, Suite 702
Miami, FL 33145
Tel: 305-424-2300/ Fax: 305-424-2140
tom@usinjury.law
ana@usinjury.law
barbie@usinjury.law
*Attorneys for Interpleader-Defendant, Lawrencia Ferguson individually and as natural parent and guardian of minors, S.B. and L.B.*

Catherine Cindric, Esquire
GOLDBERG SEGALLA, LLP
500 S. Australian Avenue, Suite 1000
West Palm Beach, FL 33401
chiggins@golbergsegalla.com
rjanis@goldbereseealla.com
ngiombetti@golbergsegalla.com
*Attorneys for Interpleader-Defendant, Ryder Truck Rental, Inc.*

Thomas J. Guilday, Esquire
Sarah Finney Kjellin, Esquire
GUILDA Y LAW, P.A.
1566 Village Square Boulevard
Tallahassee, Florida 32309
(850) 224-7091 office
tom@guildaylaw.com
sarah@guildaylaw.com
Secondary E-Mail Addresses:
cindy@guildaylaw.com
ashlee@guildaylaw.com
*Attorneys for Interpleader-Defendant, Titus Carter*

Clell C. Warriner, Esquire
SEARCY DENNEY SCAROLA BARNHART & SHIPLEY, PA
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL 33409
Phone: (561) 686-6300/ Fax: (561) 710-2364
Attorney E-Mail: cwarriner@searcylaw.com
Primary E-Mail: warrinerteam@searcylaw.com
*Attorneys for Interpleader-Defendant, Rodrick Rolle as Personal Representative of the Estate of Sharon Ferguson*